# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>GREGORY THOMAS LADWIG,<br><br>    Defendant. | No. CR07-0058-LRR<br><br>**ORDER** |

This matter comes before the court on the defendant's motion to reduce sentence (docket no. 105). The defendant filed such motion on June 28, 2013.

In relevant part, 18 U.S.C. § 3582(c) provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *see also United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993) ("Section 3582(c)(2) is a provision that permits a district court to reduce a term of imprisonment if the sentencing range upon which the term was based is subsequently lowered by the Sentencing Commission."). Given the record, the court concludes that it need not appoint counsel or conduct a hearing with respect to whether relief is warranted under 18 U.S.C. § 3582(c)(2). *See United States v. Harris*, 568 F.3d 666, 669 (8th Cir.

2009) (concluding that there is no right to assistance of counsel when pursuing relief under 18 U.S.C. § 3582(c) and finding that a judge need not hold a hearing on a motion pursuant to 18 U.S.C. § 3582(c)); *see also* Fed. R. Crim. P. 43(b)(4) (stating that a defendant's presence is not required in a proceeding that involves the reduction of a sentence under 18 U.S.C. § 3582(c)).

USSG §1B1.10, in relevant part, states:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

USSG §1B1.10(a)(1); *see also* USSG §1B1.10, comment. (n.1) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range."). The defendant does not cite to an amendment that is included within USSG §1B1.10(c).

Moreover, the defendant argues that the court should reduce his sentence pursuant to the Fair Sentencing Act. In support of his argument, the defendant relies on the Sixth Circuit Court of Appeals' decision in *United States v. Blewett*, ___ F.3d ___, 2013 WL 2121945 (6th Cir. May 17, 2013), which held that the Fair Sentencing Act must be applied retroactively "to all defendants, including those sentenced prior to its passage." *Id.* at *1. The defendant's argument is without merit. Although the Sixth Circuit has ruled that the Fair Sentencing Act applies to defendants sentenced prior to August 3, 2010, the date the Fair Sentencing Act was enacted, the Eighth Circuit Court of Appeals has squarely rejected such an argument. *See United States v. Meeks*, 469 F. App'x 479, 479 (8th Cir. 2012) (finding that, "because [the defendant] was sentenced before the enactment of the Fair Sentencing Act of 2010," he was not eligible for a sentence reduction); *United States v.*

*Orr*, 636 F.3d 944, 957 (8th Cir. 2011) (finding that the Fair Sentencing Act did not apply to a defendant sentenced on November 12, 2009, prior to the Fair Sentencing Act's enactment date of August 3, 2010); *see also Dorsey v. United States*, 567 U.S. ___, ___, 132 S. Ct. 2321, 2326 (2012) (holding that "the new, more lenient mandatory minimum provisions" of the Fair Sentencing Act "apply to offenders who committed a crack cocaine crime before August 3, 2010, but were not sentenced until after August 3"). Because the court is bound by Eighth Circuit precedent and because the defendant was sentenced on May 12, 2008—well before August 3, 2010—the defendant is not entitled to the benefit of the Fair Sentencing Act's more lenient mandatory minimum provisions.

Because a reduction under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10 is not warranted, the defendant's motion to reduce sentence (docket no. 105) is denied.

**IT IS SO ORDERED**.

**DATED** this 1st day of July, 2013.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA